UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDRE FRECKLETON, | :     3:11cv798 (WWE) |
|     Plaintiff, | : |
| v. | : |
| CITY OF HARTFORD,<br>DARYL ROBERTS, individually and<br>in his official capacity as Chief of<br>Police of the City of Hartford,<br>DONOVAN A. THORPE, individually<br>and in his official capacity<br>as a City of Hartford Police Officer,<br>R. SHELBY, individually and in his<br>official capacity as a City of Hartford<br>Police Officer, | : |
|     Defendants. | : |

## RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Andre Freckleton alleges that defendants City of Hartford, Daryl Roberts, Chief of Police of the City Hartford, and Donovan Thorpe and R. Shelby, Officers in the City of Hartford Police Department, are liable to him for violation of federal law pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 and violation of state law pursuant to the Connecticut State Constitution and common law.  In the complaint, plaintiff asserts counts of excessive force, violation of his Equal Protection rights, false arrest and illegal imprisonment, assault, municipal liability, negligence, negligent hiring, supervisory liability, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, violation of 42 U.S.C. §§ 1985 and 1986, deprivation of his rights,

1

privileges and immunities secured by the United State Constitution in violation of 42 U.S.C. § 1983, indemnification, and a request for injunctive relief.

Defendants have filed a motion to dismiss this action.

## BACKGROUND

For purposes of ruling on a motion to dismiss, the Court considers the allegations of the complaint to be true.

Plaintiff is a resident of Hartford, Connecticut.  In May 2009, plaintiff was under the influence of a controlled substance combined with medication prescribed by his dentist.  Feeling hot and dehydrated, plaintiff removed his clothing.  The Hartford Police were called to the scene by an individual named Eli Cruz, who reported that plaintiff was knocking on doors.

When the police arrived, plaintiff was unconscious.  The Hartford Police Officers proceeded to pepper spray plaintiff.  Plaintiff awoke from his unconscious state due to the pepper spray and feared for his life.

The police arrested plaintiff and took him to the hospital, where the treating personnel documented scratches and bruising to his body.

The City of Hartford, through its agents, employees and servants, knew or should have known of the policy, practices, customs and usages employed by its police officers but failed to take steps to ensure the safety of African Americans and other people of color whose constitutional rights were being violated by the City's discriminatory policies.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).

## DISCUSSION

<u>Failure to Meet Plausibility Standard</u>

Defendants argue that all of the counts should be dismissed because the allegations do not state claims above the speculative level.

Specifically, defendants assert that plaintiff's allegations that he was pepper-sprayed, arrested and subjected to police brutality are not plausible and make no sense. Defendants explain that plaintiff was never arrested but was placed in handcuffs to facilitate transport.

Nevertheless, plaintiff has alleged that he was conscious of the pepper-spraying, that he was arrested and that he sustained bruises and scratches. The Court cannot find that plaintiff's claims are implausible without piercing the factual allegations, which

the Court must consider to be true.  Accordingly, the Court will leave plaintiff to his proof.

### Official Capacity Claims

Defendant argues that plaintiff's official capacity claims against the individual defendants are duplicative of the claim against the City of Hartford.  The Court agrees that the claims against the officers in their official capacities are the same as the claim against the City.  See Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690 (1978).   The proof required and resulting damages of official capacity and municipal liability claims are indistinct.   District courts have dismissed such duplicative claims because they provide plaintiff with no additional relief than that provided by the claim asserted against the municipality.  See Sebold v. City of Middletown, 2007 WL 2782527, *24 n.19 (D. Conn. 2007).   Accordingly, the Court will dismiss the official capacity claims.

### Excessive Force Claim Against Chief Roberts

Defendants seek dismissal of defendant Chief Roberts on the claim for excessive force in connection with plaintiff's treatment.  Defendants point out that Chief Roberts was not involved in the alleged incident and plaintiff has already asserted a claim for supervisory liability.

A plaintiff seeking relief under Section 1983 must allege the personal involvement of defendants in the alleged constitutional deprivation.  Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).  In this instance, Chief Roberts is not alleged to have any personal involvement in the asserted excessive force other than his role as a supervisor.  Plaintiff has already pleaded a claim of supervisory liability against Chief

4

Roberts, and thus, the motion to dismiss will be granted as to Chief Roberts on this count.

### Section 1985 and 1986 Claims

Plaintiff alleges that defendants Thorpe and Shelby violated Sections 1985 and 1986 by engaging in a conspiracy to conceal the truth of how they treated plaintiff. Defendant asserts that plaintiff cannot state a prima facie case for these claims.

To state a viable Section 1985(3) claim, plaintiff must allege (1) a conspiracy for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the law; (2) an overt act in furtherance of the conspiracy; and (3) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999). The conspiracy must be motivated "by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993). Section 1986 is predicated on a valid Section 1985 claim and imposes liability for damages upon "every person who, having knowledge of the wrongs conspired to be done, and mentioned in section 1985 ... , are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do," if such wrongful act is committed. 42 U.S.C. § 1986.

Here, there are no allegations that support a finding of conspiracy or even that plaintiff belongs to a protected class. In his opposition, plaintiff explains that he is African American. However, even if plaintiff were allowed to amend the complaint, plaintiff could not allege a viable conspiracy. The intracorporate conspiracy doctrine

provides that the officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other.  Hartline v. Gallo, 546 F.3d 95, 99 n.3 (2d Cir. 2008). Defendants Thorpe and Shelby are both alleged to be Hartford police officers performing acts in the name of the City of Hartford.

Plaintiff's section 1985 and 1986 claims will be dismissed with prejudice.

### Negligence Claim against the City of Hartford

Plaintiff alleges negligence, negligent hiring and negligent infliction of emotional distress against the City of Hartford.  Defendants argue that the City is immune from such liability on negligence

Pursuant to Connecticut common law, a municipality is immune from liability for negligence.  Grady v. Somers, 294 Conn. 324, 334 (2009).  However, the legislature has abrogated that immunity through Connecticut General Statutes § 52-577n.   Plaintiff has not pled liability based on Section 52-577n.  The Court will dismiss the negligence claims against the City without prejudice and permit plaintiff to replead his claims.

### Intentional Infliction of Emotional Distress Against the City

Defendants assert that the intentional infliction of emotional distress claim against the City of Hartford should also be dismissed.  The Court agrees.

It is well established that a municipality is not liable for the intentional conduct of its employees.  Nanos v. City of Stamford, F. Supp. 2d 260, 267 (D. Conn. 2009); Conn. Gen. Stat. § 52-557n.  This claim will be dismissed with prejudice.

### Negligent Infliction of Emotional Distress against the Individual Defendants

Defendants argue that plaintiff cannot maintain an intentional infliction of

6

emotional distress claim and a negligent infliction of emotional distress claim against the individual defendants.

The Court recognizes that summary judgment has been granted on such negligence claims when a plaintiff has brought excessive force and assault claims that are premised on defendant's allegedly intentional conduct.  See Betancourt v. Slavin, 676 F. Supp. 2d 71, 81 (D. Conn. 2009).  However, this case is in the early stages and discovery may support a claim for negligence.  It is well established that a party may plead in the alternative.  Field Day, LLC v. County of Suffolk, 2005 WL 2445794, *24 (E.D.N.Y. 2005).  Accordingly, the Court will not dismiss the claim for negligent infliction of emotional distress.

### Section 1983 Claim for Deprivation of Rights, Privileges or Immunities

Defendants maintain that this claim should be dismissed because it fails to allege violation of a specific substantive right.  Section 1983 is a statute that provides for the vindication of federal rights conferred elsewhere in federal law.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).   Because plaintiff has failed to allege violation of any particular right, this count will be dismissed.

### Claim for Injunctive Relief

Defendants maintain that plaintiff's request for injunctive relief is not an independent cause of action for liability.  Plaintiff does not appear to dispute this assertion.  This count will be dismissed but plaintiff may replead the request for injunctive relief in the prayer for relief.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is GRANTED in part and

DENIED in part [doc. # 11].  The Court DISMISSES with prejudice the official capacity claims against the individual defendants, the excessive force claim against Chief Roberts, the Section 1985 and 1986 claims, the intentional infliction of emotional distress claim against the City of Hartford, and the Section 1983 claim for deprivation of rights, privileges or immunities.  The Court DISMISSES without prejudice the negligence claim and request for injunctive relief.

Plaintiff is instructed to file an amended complaint consistent with this ruling within fifteen days of this ruling's filing date.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge

Dated at Bridgeport, Connecticut this \_2d\_\_ day of May 2012.